UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUNE LENK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18 CV 1296 DDN |
| ) | |
| ST. LOUIS PUBLIC SCHOOLS and ) | |
| SHC SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of defendant SHC Services, Inc., to dismiss or for partial summary judgment (Doc. 8) and the motion of defendant St. Louis Public Schools for judgment on the pleadings. (Doc. 18). Plaintiff has objected to both motions and filed a pre-emptive motion for leave to amend her complaint if defendants' motions are granted. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court heard oral arguments from the parties on September 28, 2018. (Doc. 24).

## BACKGROUND

Plaintiff alleges the following facts in her complaint. Plaintiff is legally blind. (Doc. 1, Ex. 1 at 3). She has a Masters of Education in Visual Impairment and a Masters of Education in Learning Disabled. (*Id.*). She has over ten years of experience teaching. (*Id.*). She worked with defendants SHC Services, Inc., ("SHC") and St. Louis Public Schools ("SLPS") at all relevant times. (*Id.* at 2). She began working at SLPS in August 2015 as an Itinerant Vision Teacher. (*Id.* at 3). She was based at Gateway Michael Elementary School and traveled throughout the school district to teach students with vision impairments. (*Id.*). Defendants were aware of plaintiff's disability, and plaintiff

requested that additional software be placed on her assigned laptop: a speech package and magnification software that would enable her to listen to or view documents and images on her computer. (*Id.*). Defendants' granted this request and installed the software. (*Id.* at 4).

However, plaintiff's laptop would often crash or freeze when trying to access the SLPS database. This prevented plaintiff from completing necessary assignments and delayed plaintiff's work on students' IEP plans. (*Id.*). Plaintiff and SLPS staff made multiple calls to SLPS technological support staff in the fall and winter of 2015. (*Id.*). In January 2016, plaintiff received a call from SHC employee Natalie Allenbeck informing plaintiff, but without specific details, that a complaint had been made against her. (*Id.*). Plaintiff had interacted positively with fellow SLPS and SHC staff, with the only issues relating to her ability to access the SLPS database and timely update IEP plans. (*Id.*). Plaintiff had made several complaints herself to SHC and SLPS about her difficulties accessing the database. (*Id.*). Ms. Allenbeck of SHC told plaintiff to "keep her head down." (*Id.*).

Plaintiff was shocked and worried after her conversation with Ms. Allenbeck. (*Id.* at 4-5). She contacted another SHC employee, Jennifer McCormack, who inspected plaintiff's laptop and confirmed its problems accessing the SLPS database. (*Id.* at 5). In February 2016, SHC provided plaintiff a new laptop, which better allowed her to access the needed database. (*Id.*). However, on June 8, 2016, SLPS notified plaintiff that her contract would not be renewed. Plaintiff was surprised, as she believed she was very well received by all the principals and SLPS staff with whom she had worked and had been discussing plans with them for the next school year. (*Id.*). SHC employee Ms. McCormack told plaintiff she believed that, if there had not been the database access problems, SLPS would have asked her to return. (*Id.*). Plaintiff was notified around August 2016 that her position was given to another teacher who did not require any speech or magnification software and who did not have the same qualifications and experience as plaintiff. (*Id.*).

On December 17, 2016, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"). (Doc. 14, Ex. 1). She filed the charge without the assistance of counsel, and it stated in entirety:

> I. I am a person who is visually impaired who was hired by Respondent [St. Louis Public Schools], as a Vision Teacher, on August 31, 2015. I was hired under an annually renewable contract for the School Year 2015/2016. I can perform all of my essential job functions with reasonable accommodations based on my disability. My performance was satisfactory.
>
> II. On June 8, 2016, I was informed that my employment would not be renewed for the 2016/2017 School Year. I was not provided any reason for Respondent's decision not to retain me for the 2016/2017 School Year. I believe that Respondent's Help Desk was displeased with my past requests for technical assistance. My first computer required regular technical support in order to get my audio and visual tools to function.

She received a right to sue letter, but it is not apparent when she received this letter. (Doc. 1, Ex. 1 at 3).

On June 16, 2018, plaintiff June Lenk filed a petition in the Circuit Court of the City of St. Louis against SHC and SLPS. The petition alleges wrongful discharge (Count 1) and failure to accommodate her (Count 2) in violation of the Americans with Disabilities Act ("ADA"), and violations of Section 504 of the Rehabilitation Act (Count 3). Plaintiff brought Counts 1, 2, and 3 against SLPS and only Count 2 against SHC. Defendant SHC removed the action to this Court on August 8, 2018, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and with defendant SLPS's consent.

## SHC'S MOTION TO DISMISS

Under Rule 12(b)(6), a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To overcome a motion to dismiss under Rule 12(b)(6) a complaint "must include enough facts to state a claim to relief that is plausible on its face," providing more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a

complaint will "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing the pleadings under this standard, the Court must accept all of the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor, but the Court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012). The court additionally "is not required to divine the litigant's intent and create claims that are not clearly raised, . . . and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (citations omitted).

## Discussion

Defendant SHC moves to dismiss plaintiff's ADA failure to accommodate claim in Count 2, because she failed to exhaust her administrative remedies as required by 42 U.S.C. § 12117(a) and because she admitted in her complaint that defendant provided her with her requested accommodation. (Doc. 8). In the alternative, SHC would convert its motion to one for partial summary judgment, and it has provided a statement of facts for that purpose. (Doc. 8). The failure to accommodate claim is the only one brought against defendant SHC. (Doc. 1, Ex. 1).

### 1. Failure to Exhaust Administrative Remedies

A motion to dismiss for failure to exhaust administrative remedies is properly evaluated as a failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Coons v. Mineta*, 410 F.3d 1036, 1040 (8th Cir. 2005). If a plaintiff fails to exhaust her administrative remedies on an ADA claim, that claim is subject to dismissal. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 852 (8th Cir. 2012). Defendant SHC claims that, although plaintiff filed an administrative Charge of discrimination naming SLPS, it did not name SHC as an employer. (Doc. 9). It argues that this fact is dispositive and warrants the dismissal of Count 2 against it. (*Id.*).

4

Plaintiff responds that SHC was sufficiently implicated in the EEOC proceedings to allow the EEOC to perform its investigation and facilitate conciliation. (Doc. 14). The Court disagrees.

An EEOC charge must be filed within 180 days of the alleged ADA violation, and notice of the charge must be served on the person against whom the charge is made within 10 days of the filing. 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117. "The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (cited by *Woelbling v. R.C. Wilson Co.*, 966 F. Supp.858, 861 (E.D. Mo. 1997)). For this reason, the general rule has been that "a complainant must file a charge against a party with the EEOC before she can sue that party under [the ADA]."[1] *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985).

The Eighth Circuit has recognized only two exceptions to this general rule: if the unnamed party shares a "substantial identity" with those actually named in the charge, *see, e.g., id.*; *Henry v. E.G. & G. Missouri Metals Shaping Co.*, 837 F. Supp. 312, 313 (E.D. Mo. 1993), or where the unnamed party can be said to have had sufficient or constructive notice of the charge and an opportunity to participate in any conciliation proceedings. *See, e.g., Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985); *Boyd v. BJC Health System,* 4:17 CV 814 RLW, 2018 WL 620484 at \*5 (E.D. Mo. January 29, 2018). Both of these exceptions ensure that the purposes of the ADA are not frustrated

---

[1] The *Sedlacek* case involved a claim under Title VII of the Civil Rights Act, but the ADA provides that the powers, remedies, and procedures set forth in 42 U.S.C. § 2000e-5 applicable to Title VII claims are the same powers, remedies and procedures provided for ADA employment claims. 42 U.S.C. § 12117. Although the Supreme Court has recently cautioned that in the context of EEOC-reviewed claims, courts should be "careful not to apply rules applicable under one statute to a different statute without careful and critical examination," *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 393 (2008), this Court has determined that the purposes and interpretations of the naming requirement is the same for both Title VII and the ADA, and case law related to § 2000e-5 in the context of Title VII cases applies to ADA employment cases as well.

by a procedural technicality when there have been substantively adequate EEOC proceedings.

The Court is not persuaded that either exception applies in this case. For purposes of the sufficient identity exception, a suit is not barred "where there is sufficient identify of interest between the respondent and the defendant to satisfy the intention of Title VII [and the ADA] that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Greenwood*, 778 F.2d at 451. Unnamed parties have been held to share sufficient identities of interest with named parties when they are owners or employees of named defendants (e.g., supervisors of the complainant), *see id.*; *Kizer v. Curators of University of Missouri*, 816 F. Supp. 548, 551 (E.D. Mo. 1993); when they share common management and ownership, *see Sedlacek*, 752 F.2d 336; and when they are union or corporate hierarchies, *see, e.g., E.E.O.C. v. Upjohn Corp.*, 445 F. Supp. 635, 639 (N.D. Ga. 1977); *Stevenson v. Int'l Paper Co.*, 432 F. Supp. 390, 396 (W.D. La. 1977). Plaintiff has not argued that SHC and SLPS share an identity, and the Court has seen no evidence that SHC and SLPS are employees or agents of one another, share common management or ownership, or are subsidiaries of one another. It would not appear that the interests of SLPS are so similar to those of SHC that, for purpose of obtaining voluntary conciliation and compliance, it was unnecessary to include SHC in the EEOC proceeding. SLPS did not represent the interests of SHC in proceedings before the EEOC.

As for the second exception, plaintiff admits that SHC received no notice and did not participate in any way in the EEOC proceeding. (Docs. 9 and 14). While the Court understands that plaintiff prepared her EEOC charge without the assistance of counsel, even the most liberal reading of the charge does not refer one to SHC or any party other than SLPS. (Doc. 14, Ex. 1). The EEOC charge clearly indicates that it is made only against SLPS, and no other entity. While SLPS mentioned SHC in its response to plaintiff's charge, SHC was not involved in the EEOC proceeding in any way, and therefore, the EEOC proceeding was inadequate with respect to any claims against SHC. Plaintiff was aware of SHC's involvement and identity at the time she filed the EEOC

charge but did not name SHC. Plaintiff must obtain authorization from the EEOC before bringing its claim against SHC in this Court, *see* 42 U.S.C. § 2000e, and she has not done so.

In addition, the EEOC charge must indicate the adverse actions for which the plaintiff is seeking redress, unless they are like or reasonably related to the actions listed. *See Parisi v. Boeing Co.,* 400 F.3d 583, 584–85 (8th Cir. 2005). Not only does plaintiff fail to list SHC as an employer in her EEOC charge, she also fails to list any of the adverse actions of which she now complains. The only adverse action, failure to renew her contract because of her use of SLPS' IT helpdesk, does not refer to SHC at all. She does not allege any failure to provide her with a new computer or refer to SHC's actions in any way. Plaintiff could have identified both SHC and any of its actions at the time she filed her charge. As in *Parisi*, "it is not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge." *Id.* at 586.

### 2. Failure to State an Element of the Failure to Accommodate Claim

Under the ADA, to state a claim for failure to accommodate the plaintiff must allege that "1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodation; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *E.E.O.C. v. Prod. Fabricators, Inc.*, 763 F.3d 963, 971 (8th Cir. 2014).

Defendant SHC claims that plaintiff's own complaint explains that it provided plaintiff with her requested accommodation: plaintiff "requested additional software be placed on her assigned laptop. . . . This request was granted and the software was installed on the laptop. . . . In February 2016, SHC provided Plaintiff a new laptop, which better allowed Plaintiff to access the SLPS database." (Doc. 1, Ex. 1 at ¶¶ 15-16, 24). Plaintiff counters that she alleges the initial accommodation was not satisfactory and led to her termination, regardless of the later accommodation. In reviewing the pleadings,

the Court is not convinced that plaintiff has stated a claim against SHC, as reasonable accommodation claims necessarily contemplate an "interactive process" between an employer and employee, *see Prod. Fabricators*, 763 F.3d at 971, and plaintiff has not alleged that SHC failed to make a good faith effort to assist her in seeking accommodations before ultimately providing her with a reasonable accommodation in February 2016. Accordingly, Count 2 against SHC is dismissed with prejudice.

## SLPS'S MOTION FOR JUDGMENT ON THE PLEADINGS

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. Pro. 12(c). Defendant SLPS filed its answer on August 15, 2018. (Doc. 12). Accordingly, the pleadings on which defendants moved for judgment were closed at the time of its motion, and the timing of this motion is permissible.

When deciding a motion for judgment on the pleadings, the court applies the same standard used for a motion to dismiss for failure to state a claim under Rule 12(b)(6): the complaint "must include enough facts to state a claim to relief that is plausible on its face," providing more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a complaint will "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Proper pleadings will state a claim for relief that rises above mere speculation. *Twombly*, 550 U.S. at 555. In reviewing the pleadings under this standard, the court accepts all of the plaintiff's factual allegations as true and draws all inferences in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012). Judgment on the pleadings will only be granted "when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Ashley Cnty, Ark. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir. 2009).

## Discussion

Defendant St. Louis Public Schools moves for judgment on the pleadings on all Counts. It argues it was never plaintiff's employer at any relevant time, so Counts 1-3 fail to state a claim for relief against it. It moves in the alternative for judgment on the pleadings on Count 2 because plaintiff was provided the accommodations she requested and on Counts 1 and 3 because plaintiff was not terminated but continued to be employed by SHC. Plaintiff responds that SHC and SLPS are "joint employers," and moves in the alternative to amend her complaint.

Plaintiff's ADA claims must be brought against her employer(s). *See* 42 U.S.C. § 12111(5)(A). The ADA protects "employees," but not independent contractors. *Lerohl v. Friends of Minnesota Sinfonia,* 322 F.3d 486, 489 (8th Cir. 2003). Courts follow the general common law of agency to determine whether a hired party is an employee or an independent contractor. *Id.* (citing *Nationwide Mut. Ins. co. v. Darden*, 503 U.S. 318, 323-25 (1992)). The Supreme Court has instructed courts to consider the following, non-exhaustive list of factors, "with no one factor being decisive," *Darden*, 503 U.S. at 324:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Cmty. for Creative Non–Violence v. Reid,* 490 U.S. 730, 751–752 (1989).

While plaintiff alleges some facts in her complaint that are relevant to these factors, she does not specifically allege that SLPS was her employer during the relevant times, nor does she make allegations that support her "joint employer" argument. The determination of plaintiff's employment status is a fact-intensive question, based on an

analysis of the evidence related to the above factors. Accordingly, this Court declines to answer it at this time. The Court grants plaintiff's motion to amend her complaint within 30 days of this date and denies SLPS' motion for judgment on the pleadings without prejudice to being refiled following the filing of an amended complaint.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant SHC to dismiss Count 2 against it (Doc. 8) is **granted** and the claim is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motion of plaintiff to amend her complaint to correct certain deficiencies (Doc. 23) is **granted**. Plaintiff must file an amended complaint within 30 days of this date.

In light of the forthcoming amendments,

**IT IS FURTHER ORDERED** that the motion of defendant SLPS for judgment on the pleadings (Doc. 18) is **denied** without prejudice.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 24, 2018.